**Denise GRAVES–JUDKINS, on behalf of minor child Denir Graves, Plaintiff–Appellant,**

v.

**COMMISSIONER OF SOCIAL SECURITY, Defendant–Appellee.**

No. 03–5399.

United States Court of Appeals, Sixth Circuit.

March 10, 2004.

Before COLE and GILMAN, Circuit Judges; and SCHWARZER, District Judge.*

---

* The Honorable William W. Schwarzer, United States District Judge for the Northern District of California, sitting by designation.

*ORDER*

This is a direct appeal from a district court's judgment affirming the Commissioner's decision to deny an application for Supplemental Security Income on behalf of a minor child. The parties have agreed to waive oral argument and, upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

In 2000, the Commissioner made a redetermination that minor child Denir Graves was not entitled to Supplemental Security Income payments based on a combination of disabling conditions. Graves took a statutory appeal through his mother, Denise Graves–Judkins, to the district court on the authority of 42 U.S.C. § 405(g). The matter was referred to a magistrate judge who recommended that the Commissioner's determination should be affirmed. The district court adopted this recommendation. This appeal followed.

Counsel for claimant Graves brings one overarching issue for appellate review, namely, that the Commissioner's decision is not supported by the necessary quantum of evidence. The Commissioner's decision must be affirmed if it is supported by substantial evidence, even if this court might have decided the case differently. *Her v. Comm'r of Soc. Sec.*, 203 F.3d 388, 389–90 (6th Cir.1999). An examination of the record and law shows that the Commissioner's decision to deny the application for benefits in question is supported by substantial evidence.

Denir Graves was born in 1987. He applied for disability payments in 1993 based on a combination of asthma and attention deficit hyperactivity disorder, and the Commissioner granted this claim. On August 22, 1996, Congress enacted the

Personal Responsibility and Work Opportunity Reconciliation Act, which changed the definition of disability for children seeking Social Security benefits. *See* 42 U.S.C. § 1382c(a)(3)(C). The Commissioner thereafter reevaluated Graves's status and determined that he no longer satisfied the new definition of disability for children. The matter was referred to an administrative law judge ("ALJ") who conducted an evidentiary hearing on the redetermination. The ALJ heard from Graves and his mother. In addition, the parties presented conflicting written medical evidence as well as evaluations of Graves's school performance compiled by some of his teachers. The ALJ considered the above evidence and concluded that Graves was not entitled to the benefits requested. The ALJ's opinion became the final decision of the Commissioner, and the district court found this decision to be supported by the substantial evidence set forth above.

On appeal, counsel for Graves argues that the Commissioner's decision is not supported by substantial evidence. Counsel adds, as a sub-issue, that the Commissioner (through the ALJ) did not give the proper deference to the opinions of Graves's treating psychiatrist and therapist.

Upon consideration, the district court's judgment will be affirmed for the reasons set forth in the November 13, 2002, report and recommendation of the magistrate judge as adopted by the district court in its order of February 14, 2003.

Accordingly, the district court's judgment is affirmed.